# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 15-CV-23946-O'SULLIVAN

JOHNNY AGUIRRE and all others similarly
situated under 29 U.S.C. 216(b),

      Plaintiff,

vs.

PACIFIC INTERNATIONAL SERVICES INC.,

      Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, PACIFIC INTERNATIONAL SERVICES, INC. ("Defendant"), by and through the undersigned counsel hereby files its Answer and Affirmative Defenses and states as follows:

1.    Defendant acknowledges that Plaintiff purports to bring this action under the Fair Labor Standards Act 29 U.S.C. § 201-216 for jurisdictional purposes only and denies this for any other purpose.  Defendant denies any violation of law and denies that Plaintiff is entitled to any relief.  Defendant denies all remaining allegations, inferences and conclusions in paragraph 1.

2.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and therefore denies the allegations in paragraph 2.

3.    Defendant admits that it is a corporation that transacts business within Dade County for jurisdictional purposes only and denies this for any other purpose.  Defendant denies the remaining allegations in paragraph 3.

4.    Defendant denies the allegations in paragraph 4.

5.      Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and therefore denies the allegations in paragraph 5.

## COUNT I.  FEDERAL OVERTIME WAGE VIOLATION

6.      Defendant denies the allegations in paragraph 6.

7.      Defendant admits that this court has jurisdiction under the Fair Labor Standards Act for jurisdictional purposes only and denies same for any other purpose.  Defendant denies the remaining allegations in paragraph 7.  Defendant denies any violation of law and denies that Plaintiff is entitled to any relief.

8.      To the extent that Plaintiff quotes or cites to 29 U.S.C. § 207(a)(1), Defendant states that the statute speaks for itself and requires no admission or denial by Defendant, and therefore, Defendant denies the allegations in paragraph 8.  To the extent that Plaintiff makes legal conclusions against Defendant, Defendant denies the allegation in paragraph 8.  Defendant denies the remaining allegations in paragraph 8.  Defendant denies any violation of law and denies that Plaintiff is entitled to any relief.

9.      Defendant denies the allegations in paragraph 9.

10.     Defendant denies the allegations in paragraph 10.

11.     Defendants denies the allegations in paragraph 11.

12.     Defendant admits that its gross sales was in excess of $500,000 annually for the years 2011, 2012, 2013, and 2014.  Defendant denies all remaining allegations in paragraph 12.

13.     Defendant denies the allegations in paragraph 13.

14.     Defendant denies the allegations in paragraph 14.

15.      Defendant denies the allegations in paragraph 15.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of the Complaint.

## TO THE COMPLAINT AS A WHOLE

Defendant denies each and every allegation, and all possible inferences from each and every allegation that is not expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

Subject to and without waiving the above denials, Defendant asserts the following defenses to the Complaint:

1.      Plaintiff's complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff has been paid all wages which were due and owing, and to which he was entitled.

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4.      Plaintiff is estopped from recovering any alleged unpaid wages and/or other compensation to the extent his claims are outside the two year statute of limitations.

5.      Plaintiff is estopped from recovering any alleged unpaid wages and/or other compensation to the extent his claims are outside the three year statute of limitations.

6.      Plaintiff's claims for unpaid wages under the FLSA, if any, are de minimus, and are therefore, not recoverable and do not violate the FLSA.

7.      To the extent that Plaintiff engaged in activities during alleged work hours that were personal in nature, such claims are barred.

8.      Plaintiff's claims are barred to the extent that the claims are based on time not suffered or permitted to work under the FLSA.

9.      Some of the time for which Plaintiff seeks compensation is not considered work time under the Fair Labor Standards Act.

10.     Without admitting liability, Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff by Defendant for periods in which Plaintiff was not engaged in work but was paid nonetheless.

11.     Defendant's alleged actions were not willful so as to invoke the three-year statute of limitations found at 29 U.S.C. § 255(a) of the Portal to Portal Act.  Defendant did not know, or show reckless disregard for, whether its conduct violated the FLSA.  At all times, Defendant acted in good faith and believed then and believes now that its actions fully comply with the FLSA.

12.     In the event this Court finds that Defendant violated the Fair Labor Standards Act, liquidated damages are not recoverable in this case because Defendant at all times acted in good faith and Defendant had reasonable grounds for believing that its actions or omissions were not a violation of the Fair Labor Standards Act, 29 U.S.C. § 260.  Further, the issue of liquidated damages is for the Court to determine and not a jury.

13.     Prejudgment interest is not available when liquidated damages are sought.

14.     Defendant acted in good faith at all times and had reasonable grounds for believing that it was not violating the Fair Labor Standards Act.  Any violation of the FLSA or of any law by Defendant was not willful.

15.     Defendant is relieved from liability pursuant to 29 U.S.C. § 254(a) for all time spent by Plaintiff in all preliminary and postliminary activity and for all time spent walking, riding, or traveling to and from the actual performance of the principal activity or activities which Plaintiff was employed to perform.

16.     Any claim for compensation by Plaintiff must be offset by any loans, premium compensation, overpayments, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including but not limited to a reduction for any compensation already paid to Plaintiff for time periods not compensable under the FLSA.

17.     Any claim for compensation by Plaintiff must be offset by any and all compensation paid or provided to Plaintiff, including but not limited to a reduction for any compensation already paid to Plaintiff.

18.     The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for periods of time during which he performed no work and was otherwise absent from the workplace during a particular work week or day.

19.     Any hours worked beyond Plaintiff's compensated workweek were unauthorized and performed without Defendant's actual or constructive knowledge.

20.     In light of the allegations in the Complaint regarding other similarly situated employees, Defendant states that the type of claim which Plaintiff seeks to bring is a matter in which individual issues predominate and are not appropriate for collective treatment.

21.     Plaintiff's claim is not similar, common, or typical to those of the allegedly similarly situated individuals and there is no basis in law or fact for a collective action.

22.     Plaintiff will be unable to meet the requirements for a collective action under the FLSA.

23.     Plaintiff has no standing to bring the claims in the Complaint.

24.     Plaintiff's complaint fails to state a claim upon which relief can be granted for individuals similarly situated because plaintiff did not present sufficient allegations with respect to said individuals and did not describe plaintiff's duties in relation to said individuals.

25.    Plaintiff's damages are limited by the applicable law under which they are brought.

26.    None of Defendant's actions were with malice or reckless indifference of Plaintiff's rights.

27.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, course of conduct, payment, estoppel, setoff, accord and satisfaction, illegality, laches, and/or unclean hands.

28.    The plaintiff was exempt from the FLSA's overtime compensation requirement pursuant to the motor carrier exemption.

29.    Plaintiff's allegations are without merit and frivolous.  Defendant is entitled to an award of attorney's fees and costs incurred in defending itself from this meritless and frivolous lawsuit.

30.    Defendant incorporates and applies all of the foregoing affirmative defenses, where applicable, against the alleged similarly situated individuals.

## <u>RESERVATION OF RIGHTS</u>

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus, Defendant reserves the right to amend this Answer and serve such defenses and affirmative defenses and otherwise supplement the foregoing Defenses.

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's complaint, Defendant respectfully requests that:

a.  All of the claims in Plaintiff's Complaint be dismissed with prejudice in their entirety;

b.  Each and every prayer for relief in Plaintiff's complaint be denied;

c.   Judgment be entered in favor of Defendant;

d.   All costs be awarded to Defendant and against Plaintiff;

e.   All reasonable attorneys' fees to Defendant and against Plaintiff; and

f.   This Court grant Defendant such other and further relief, as it deems just and proper.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.
Attorneys for Defendant
100 NE Third Avenue
Suite 1100
Ft. Lauderdale, FL   33301
Tel:  (954) 847-4920
Fax: (954) 627-6640

By____s/ Zascha Blanco Abbott_____
        Fla. Bar No.  614671
        zbabbott@mdwcg.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 23, 2016 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that the foregoing document is being served this day on all counsel or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Zascha Blanco Abbott_____
Zascha Blanco Abbott

## <u>SERVICE LIST</u>

J.H. Zidell, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone:  (305)865-6766
zabogado@aol.com